United States District Court
Southern District of Texas
**ENTERED**
December 14, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| AFFINITY BAYVIEW I, LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | 3:23-cv-235 |
| | § | |
| CITY OF LEAGUE CITY, *ET AL.*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

Before the court is League City's motion to dismiss all of Affinity's claims against it and its employees for lack of subject-matter jurisdiction and for failure to state a claim. Dkt. 7. The court will deny the motion.

League City argues that *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny require the court to abstain from exercising jurisdiction in this case. Dkt. 7 ¶¶ 25–32. "*Younger* held that 'a federal court should not enjoin a state criminal prosecution *begun prior to the institution of the federal suit* except in very unusual situations . . . .'" *Daves v. Dallas Cnty., Texas*, 64 F.4th 616, 624 (5th Cir. 2023) (en banc) (emphasis added) (quoting *Samuels v. Mackell*, 401 U.S. 66, 69 (1971)). In *Samuels*, a companion case, the Supreme Court extended *Younger* to actions seeking declaratory relief. 401 U.S. at 73.

The court finds that *Younger* abstention is inappropriate here. Affinity filed this lawsuit before League City initiated court proceedings against it or the manager of its general partner. Dkt. 3 ¶¶ 43–44. When Affinity sued, League City had only sent it a "notice of violation of the [c]ity's tree[-]preservation ordinance proposing a fine of $494,650." Dkt. 7 ¶ 9.[*]

The court also rejects the city's ripeness and standing arguments, *see* Dkts. 7 ¶¶ 34–38; 13 ¶¶ 1–4, in part because the city is allegedly subjecting Affinity to an "embargo on development permits unless and until Affinity accedes to the massive fees and penalties assessed by the [c]ity," Dkt. 3 ¶ 71.

Finally, the court will not dismiss Affinity's claims under Rule 12(b)(6), *see* Dkt. 7 ¶¶ 39–48, especially given the briefing's relative lack of focus on the arguments, the fact-intensive nature of takings analyses, the apparent degree of interference with Affinity's investment-backed expectations, and the city's failure to directly address Affinity's state-takings and Eighth Amendment claims.

Accordingly, the court denies League City's motion. Dkt. 7.

---

[*] The notice informed Affinity: "If the restitution is not received within 10 (ten) days, then our office may file daily citations against you with the League City Municipal Court until the issue is resolved." Dkt. 3 at 17 (emphasis in original). Within those ten days, Affinity responded to the city, received no reply, and filed this lawsuit. *Id*. ¶¶ 34–35. Three months later, the city began filing municipal-court criminal citations against the manager of Affinity's general partner. *Id*. ¶ 43.

Signed on Galveston Island this 14th day of December, 2023.

                                               _____
                                               JEFFREY VINCENT BROWN
                                               UNITED STATES DISTRICT JUDGE